# EXHIBIT 2

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Heartland Publications, LLC, et al.,[1] | Case No. 09-14459 (KG) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. _____ |

# ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED R. BANKR. P. 2014 AND DEL BANKR. L.R. 2014-1 (I) AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF DUFF & PHELPS SECURITIES, LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF DEL. BANKR. L.R. 2016-2

Upon consideration of the Application[2] of the Debtors for entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing and approving the employment and retention of Duff & Phelps Securities, LLC ("Duff & Phelps") as their financial advisor and investment banker on the terms set forth in the Engagement Letter, as modified by this Order, nunc pro tunc to the Petition Date; and upon consideration of the Declaration of Jon C. Melzer (the "Melzer Declaration") and the entire record of these chapter 11 cases; and due and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that Duff & Phelps is a "disinterested person" within the meaning set forth in section 101(14) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Heartland Publications, LLC (5642) and Heartland Publications Holdings, LLC (5683). The mailing address for each of the Debtors is 1 West Main Street, Clinton, CT 06413.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

Bankruptcy Code; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Application is GRANTED.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Duff & Phelps as financial advisor and investment banker according to the terms set forth in the Application and the Engagement Letter, as modified by this Order.

3. The Debtors are authorized to pay and reimburse Duff & Phelps according to the terms of the Engagement Letter. Duff & Phelps will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4. Notwithstanding the prior paragraph, the fees payable to Duff & Phelps pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee shall retain the right to object to the Transaction Fees payable pursuant to paragraph 3 of the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court or any guidelines regarding submission and approval of fee applications, Duff & Phelps and its professionals shall not be required to provide or conform to any schedule of hourly rates.

2

DB02:8987050.2 068674.1001

6. Notwithstanding any provision in the Engagement Letter, the Debtors shall indemnify Duff & Phelps solely to the extent set forth below:

    a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors shall indemnify Duff & Phelps for any claim arising from, related to or in connection with their performance of the services described in the Engagement Letter;

    b. Duff & Phelps shall not be entitled to indemnification, contribution or reimbursement for services other than the services described herein, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    c. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of Duff & Phelps' contractual obligations under the Engagement Letter unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Agreement as modified by the Application and this Order;

    d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Duff & Phelps believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement (as modified by the Application and this Order), including without limitation the advancement of defense costs, Duff & Phelps must file an application before this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Duff & Phelps.

7. Paragraph A of the Indemnification Provisions attached to Duff & Phelps March 23, 2009 engagement letter (attached as Exhibit C to the Motion) (the "Indemnification

Provisions") is hereby modified by replacing the phrase "willful misconduct or gross negligence" with the phrase "willful misconduct, gross negligence or bad faith", each time such phrase appears in Paragraph A.

8. Paragraph C of the Indemnification Provisions ("Contribution") is hereby modified to delete the entirety of the paragraph after the phrase "equitable considerations" appearing eight lines from the end of the paragraph.

9. Notwithstanding any provision of the Engagement Letter to the contrary, to the extent this Court has jurisdiction over any matters arising out of or related to the Engagement Letter, such matter shall be heard in this Court.

10. To the extent this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014, or otherwise, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       January _____, 2010

                                      Kevin Gross
                                      United States Bankruptcy Judge